IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEM MATEO a/k/a KIM MATEO, #515311,
    Plaintiff,

vs.                                      Case No.:  5:05cv73/SPM/EMT

JAMES CROSBY, JR., et al.,
    Defendants.

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).

        Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  Upon review of the complaint, it appears that this case should be dismissed as malicious.

        Section IV.B. of the civil rights complaint form asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1 at 5 (emphasis in original)).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes," and then listed <u>Mateo v. James Gross et al.</u>, filed in the Untied States District Court for the Middle District of Florida in 1999 (*id.*).

        Section IV.C. of the complaint form asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1 at 6 (emphasis in original)).  Where there

is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes," and then listed <u>Mateo v. Michael Sinacore, et al.</u>, filed in 1999 in the Middle District of Florida, <u>Mateo v. Singletary</u>, filed in 1999 in the Northern District, and <u>Mateo v. Henderson, et al.</u>, filed in 1999 in the Middle District (*id.* at 6, 6a).  Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court, other than the cases listed, that otherwise relate to his imprisonment.

Section IV.D. of the civil rights complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed." (Doc. 1 at 6 (emphasis in original)).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*).  Thus, Plaintiff has in effect stated that he has had no actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service.  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1 at 8 (emphasis in original)).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed the instant complaint, he had previously filed <u>Mateo v. Seeger, et al.</u>, Case No. 8:00cv01448 in the United States District Court for the Middle District of Florida, <u>Mateo v. Singletary, et al.</u>, Case No. 3:98cv00491/RH in the Northern District,[1] and <u>Mateo v. Monroe, et al.</u>, Case No. 3:99cv00169/RV in the Northern District.[2]  Further review reveals that those cases were dismissed prior to service.  Moreover, the aforementioned cases dealt with Plaintiff's imprisonment as they named employees of the Florida Department of Corrections and were in the nature of civil rights, filed pursuant to 42 U.S.C. § 1983.  Plaintiff failed to list these cases in his complaint (*see* Doc. 1).

The information from Section IV of the form is useful to the court in a number of ways.  First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995.  *See* 28 U.S.C. § 1915(g).  The information also helps the court to consider whether the action is related to or should be considered in connection

---

[1]This case is not the same as <u>Mateo v. Singletary</u>, Case No. 3:98cv00473/LAC/MD, the habeas action filed in the Northern District which Plaintiff identified on page 6a of his complaint.

[2]The prisoner identification number of the plaintiffs in those cases is the same as Plaintiff's.

Case No.: 5:05cv73/SPM/EMT

with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without</u> <u>prejudice</u>. Plaintiff is advised that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 20th day of June, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).